NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO ISRAEL ALVEAR-MARTINEZ, AKA Sergio Alvear-Martinez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-73199 Agency No. A208-411-837 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Sergio Israel Alvear-Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Alvear-Martinez's contention that the IJ violated his due process rights because he failed to raise the claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to consider Alvear-Martinez's contentions regarding particular social groups and political opinion that he did not raise to the agency. *See id.*

Alvear-Martinez does not challenge the agency's dispositive conclusion that his asylum application was untimely, or raise any arguments challenging the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Alvear-Martinez's asylum and CAT claims.

Substantial evidence supports the agency's determination that Alvear-Martinez failed to establish that any harm he experienced or fears in Mexico was

or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground). Thus, we deny the petition as to Alvear-Martinez's withholding of removal claim.

We reject Alvear-Martinez's contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, Alvear-Martinez's motion to remand, set forth in his opening brief, and motion to supplement the administrative record, Docket Entry No. 21, are denied. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

17-73199